J-A10037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADIAN CRUZ | : | No. 703 EDA 2023 |

Appeal from the Order Entered February 10, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009127-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

DISSENTING MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 1, 2024**

I respectfully dissent, as I would conclude that the drugs were lawfully seized where Officer Keen viewed them from a lawful vantage point, their incriminating nature was immediately apparent to the officer, and he could legally access them.

As my esteemed colleagues on the Majority note, "[i]f the record supports the suppression court's findings, we may not substitute our own findings. However, we give no deference to the suppression court's legal conclusions and review them *de novo*." **Commonwealth v. Carmenates**, 266 A.3d 1117, 1123 (Pa. Super. 2021) (*en banc*) (citation omitted).

> The plain view doctrine allows the admission of evidence seized without a warrant when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and (3) the officer has a lawful right of access to the object.

***Commonwealth v. Smith***, 285 A.3d 328, 332 (Pa. Super. 2022) (citation omitted).

> In determining whether the incriminating nature of an object is immediately apparent to the police officer, we look to the totality of the circumstances. An officer can never be one hundred percent certain that a substance in plain view is incriminating, but his belief must be supported by probable cause.
>
> When reviewing whether an object's criminal nature is "immediately apparent," we note that probable cause
>
>> merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief, that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, non-technical probability that incriminating evidence is involved is all that is required.

***Id.*** at 333 (citations omitted). "In viewing the totality of the circumstances, the officer's training and experience should be considered." ***Commonwealth v. Bumbarger***, 231 A.3d 10, 20 (Pa. Super. 2020) (citation omitted).

Officer Keen testified to observing the Christmas-style open-topped bag, inside of which was a plastic bag containing what appeared to be racks of drugs. ***See*** N.T. Suppression Hearing, 1/12/23, at 13-15, 27-29. He explained his experience as a police officer and noted that he has seen racks of drugs like the ones in this case dozens of times in his career. ***See id.*** at 13-15. The officer described the plastic bag as not totally opaque, so he did not have to open it to see what was inside. ***See id.*** at 28. Officer Keen had "a good sense of what was on the other side of the [plastic]" and "thought it was drugs"

- 2 -

based on his training and experience. *Id.* at 28, 29. The record supports the officer had probable cause to believe, based on his training and experience, that the bag contained heroin and/or fentanyl. I would reverse and remand for proceedings consistent this memorandum.